**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANUEL PONCE and JORGE PINA-GARCIA, individually and on behalf of a class of persons similarly situated, ) ) ) ) | Case No. |
| Plaintiffs, ) ) | |
| v. ) ) | Judge
Magistrate Judge |
| MARIA RODRIGUEZ, an individual, and ELFEGO RODRIGUEZ, INC., d/b/a EL NUEVO MEXICANO, an Illinois corporation, ) ) ) ) ) | Jury Trial Demanded |
| Defendants. ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Jorge Pina-Garcia ("Pina") and Manuel Ponce ("Ponce"), ("Plaintiffs"), individually and on behalf of a class of persons similarly situated (the "Class"), through their undersigned counsel, and for this Collective and Class Action Complaint against Defendants Maria Rodriguez ("Rodriguez"), and Elfego Rodriguez, Inc., d/b/a El Nuevo Mexicano ("El Nuevo Mexicano") (collectively "Defendants"), alleges as follows:

INTRODUCTION

1. The Named Plaintiffs and Consent Plaintiffs are current and former employees of Defendants and file this collective and class action lawsuit because (1) Defendants did not pay Plaintiffs and other similarly situated employees the full amount of minimum or regular wages earned and owed to them for all time worked up to forty (40) hours in a workweek, and (2) because Defendants did not pay them the full and proper amount of overtime wages earned and owed to them for all time worked in excess of forty (40) hours in a workweek. Plaintiffs seek

collective action certification of the claims brought under the Fair Labor Standards Act, and Federal Rule 23 class certification of the claims brought under Illinois law.

## THE PARTIES AND JURISDICTION

2. Plaintiffs, on behalf of themselves and all other similarly situated employees, bring this action to recover from Defendants unpaid minimum, regular and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") (Count I), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (the "IMWL") (Count II), and the Chicago Minimum Wage Ordinance, Chicago Mun. Code Chap. 1-24 ("Chicago Ordinance") (Count III).

3. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

5. Defendant Elfego Rodriguez, Inc. is an Illinois corporation that owns and/or operates a restaurant in Illinois under the name "El Nuevo Mexicano," located at 2914 North Clark Street in Chicago, Illinois.

6. Defendant Maria Rodriguez is an individual person who is the President of Defendant Elfego Rodriguez, Inc., and all other corporations doing business as El Nuevo Mexicano.

7. Upon information and belief, Rodriguez is the sole owner of El Nuevo Mexicano; has knowledge of the restaurant's day-to-day operations; and has knowledge of the illegal pay practices alleged herein.

8. Upon information and belief, Rodriguez has been and is involved in El Nuevo Mexicano's day-to-day operations in that she has the power to hire and fire employees, she supervises and controls employees' conditions of employment, she determines employees' rates of pay, and she makes decisions regarding maintenance of employment and payroll records, among other things.

9. Plaintiff Pina is a resident of Chicago, Illinois and is a non-exempt employee of Defendants. Plaintiff Pina worked for Defendants as a server and bartender from approximately October 25, 2006 through the present.

10. Plaintiff Ponce is a resident of Houston, Texas and is a former non-exempt employee of Defendants. Plaintiff Ponce worked for Defendants as a host from approximately February 2007 through May 2007. He worked for Defendants as a server and bartender from approximately May 2007 through November 2009 and approximately July 2010 through November 2014.

11. In addition, six persons have opted into this suit, and their Consents to join this matter have been filed herewith ("Consent Plaintiffs").

12. Plaintiffs and similarly-situated individuals were paid by Defendants through both "Elfego Rodriguez, Inc." and "El Nuevo Mexicano."

13. This lawsuit includes a class of current and former employees of Defendants, including but not limited to servers, bartenders, hosts, bussers, cooks, and dishwashers.

14. At all relevant times, Plaintiffs and the class have been "employees" of the Defendants as defined by the FLSA, 29 U.S.C. § 203(e); the IMWL, 820 ILCS § 105/3(d) and the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-010.

15. At all relevant times, Defendants have been "employers" of the Plaintiffs and all persons similarly-situated, as defined by the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-010.

16. The FLSA, 29 U.S.C § 203(m), and the IMWL, 820 ILCS § 105/4(c), provide that Employers are allowed to take a "Tip Credit" towards its minimum wage obligation for tipped employees.

17. Pursuant to the IMWL, at all relevant times, Defendants were required to pay hourly, tipped employees, who were performing tip-producing work, at least $4.95 per hour.

18. Pursuant to the Chicago Ordinance, from July 30, 2015 and thereafter, Defendants were required to pay tipped employees who were performing tip-producing work at least $5.45 per hour.

19. The FLSA, 29 U.S.C. § 203(m) provides that Employers are <u>not</u> permitted to take a "Tip Credit" towards their minimum wage obligation for tipped employees unless such employee has been informed of such by the Employer.

20. Pursuant to the IMWL, at all relevant times, Defendants were required to pay hourly, non-tipped employees at least $8.25 per hour.

21. Pursuant to the Chicago Ordinance, from July 30, 2015 and thereafter, Defendants were required to pay hourly, non-tipped employees at least $10.00 per hour.

## DEFENDANTS' POLICY OF PAYING SERVERS ON "PER SHIFT" BASIS

22. At all relevant times, Defendants had a policy and practice of compensating employees working as servers on a "per shift" basis.

23. Defendants paid Plaintiffs the same amount, twenty-five dollars "per shift," without recording or taking into account the number of hours worked in an individual shift.

24. Plaintiffs' paystubs demonstrate that Defendants paid them based on the number of shifts they worked in a bi-weekly pay period. The number of shifts worked in each bi-weekly pay period was entered in lieu of hours worked on the paystub and multiplied by twenty-five dollars per shift, which is noted as the "Rate" of pay. See Exhibit A, Sample of Pina Paystubs.

25. Defendants' policy and practice of compensating employees on a "per shift" basis caused employees to receive less than the statutory minimum wage and any statutorily required overtime wages.

26. For example, for the pay period between April 18 2016 through May 1, 2016, Plaintiff Pina worked 77.89 hours, at a minimum. See Exhibit B, Pina Sales Reports for 4/18; 4/20; 4/22; 4/23; 4/25; 4/27; 4/29; 4/30; and 5/1 2016.

27. For the week of April 25-May 1, 2016, Plaintiff Pina worked, at a minimum, 41.23 hours in a single workweek and was entitled to but did not receive overtime wages. See Exhibit B, pps. 5-9.

28. Instead, Plaintiff Pina was paid for 13 shifts at $25 per shift for a total of $325.00 for an entire bi-weekly pay period, which means he was making as little as $4.17 per hour, an amount less than the minimum wage. See Exhibit C, Payroll Detail Report.

5

29. Defendants willfully failed to pay minimum wage and overtime compensation to Plaintiffs and the Class and willfully failed to keep accurate time records of Plaintiffs and the Class' work, which was at times performed after clocking out and included non-tipped duties.

30. Defendants also did not inform servers of the "Tip Credit" provisions of the FLSA and IMWL and instead only informed them that they would be paid a flat amount per shift regardless of how many hours they worked.

31. Defendants did not post the current Department of Labor Poster in violation of federal and Illinois state law. See Exhibit D, Expired DOL Posting from El Nuevo Mexicano Restaurant.

32. Defendants were not permitted to take a "Tip Credit" towards their minimum wage obligation for tipped employees, including those who were paid on a "per shift" basis, because they did not inform employees of the "Tip Credit."

## DEFENDANTS' FAILURE TO PAY MINIMUM AND OVERTIME WAGES FOR TIME SPENT COMPLETING QUASI-MANAGERIAL DUTIES

33. At all relevant times, certain server employees also completed quasi-managerial duties for Defendants during shifts.

34. Defendants compensated at least two servers, including Plaintiff Ponce, for those quasi-managerial duties with a biweekly salary (in addition to their compensation as servers) for completing these quasi-managerial duties, without recording or taking into account the number of hours worked on quasi-managerial duties.

35. Pursuant to 29 C.F.R. § 541.600, to meet the "salary test" to qualify as an exempt professional, an employee must be compensated on a salary basis at a rate of not less than $455 per week.

36. Servers' salaries for quasi-managerial duties were always less than the required $455 per week, and as little as $75 per week.

37. Servers who performed quasi-managerial duties for Defendants therefore do not qualify as exempt executives or administrators.

38. Defendants willfully failed to pay minimum wage and overtime compensation to servers for hours worked performing quasi-managerial duties and willfully failed to keep accurate time records of servers' work on quasi-managerial duties.

## DEFENDANTS' FAILURE TO PAY OVERTIME WAGES

39. Plaintiffs and the Class presently and at times during the past three years work and/or have worked in excess of forty hours per week.

40. Defendants failed to pay Plaintiffs and the members of the class who were paid at an hourly rate, such as cooks, bartenders and hosts, 1.5 times their regular rate of pay. Employees who were paid "per shift" did not receive any additional overtime premiums during weeks in which they worked overtime.

41. Defendants failed to pay hourly employees for whom Defendants took a tip credit, such as bussers, at a rate of 1.5 times the full minimum wage less the tip credit taken for all work performed in excess of forty hours in a workweek.

42. If Defendants' timekeeping and payroll system did record that an hourly employee worked more than 40 hours in a given workweek, then Defendants only paid that employee his or her regular hourly rate for those hours worked.

43. For example, Opt-In Plaintiff Yolanda Guzman worked as a cook during the relevant time period and regularly worked in excess of 40 hours per workweek and 80 hours per

pay period. See Exhibit E, Guzman Paystubs. Despite this, Opt-In Plaintiff Guzman was paid a straight hourly rate of $11.75 for all hours worked and was not paid any overtime premium. *Id.*

44. Upon information and belief, Defendants continue to pay employees their regular, and not overtime, rates for hours recorded over 40 in a workweek.

45. When Defendants paid employees working as servers on a "per shift" basis, Defendants regularly failed to pay employees at 1.5 times their regular rate of pay and generally did not pay any compensation for overtime hours at all.

46. Defendants' failure to compensate hourly employees the full amount of overtime wages due to them in violation of the FLSA, 29 U.S.C. § 207, the IMWL, 820 ILCS § 105/4(a), and the Chicago Ordinance, Mun. Code Chap. 1-24-040 has caused Plaintiff and other similarly situated employees to suffer harm.

47. Throughout their employment, Defendants failed to maintain accurate records of all time worked by Plaintiffs and the Class. Defendants' time records regularly failed to record the regular and overtime hours that Plaintiffs and the Class worked.

48. Defendants were aware or should have been aware that Plaintiffs and the Class worked overtime hours. Defendants suffered, permitted, and required Plaintiffs and the Class to work overtime hours without compensating them at 1.5 times their regular rates of pay.

49. Defendants' conduct was willful, in that Defendants knew or should have known that Plaintiffs and the Class worked overtime hours without compensating them at 1.5 times their regular rates of pay.

## COUNT I
### Failure to Pay Minimum Wage and Overtime
### In Violation of the Fair Labor Standards Act;
### FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiffs bring Count I of this Complaint as a collective action under the FLSA, 29 U.S.C. § 216(b), and seek to represent the following described similarly situated persons:

> All persons who worked for Defendants as non-exempt employees, including servers, hosts, bartenders, bussers, cooks, dishwashers and/or other similarly situated employees, at any time between August 23, 2013 and the present and until final resolution of the case who did not receive the full statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all the time worked over 40 hours in individual work weeks (the "FLSA Class").

52.     Plaintiffs and the proposed FLSA Class have been equally affected by Defendants' violations of the FLSA, which amount to a single decision, policy or plan to avoid paying all earned regular and overtime wages. Thus, there are questions of law and fact common to Plaintiffs and the FLSA Class.

53.     Plaintiffs are similarly situated to the employees in the FLSA Class.

54.     Plaintiffs' claims or defenses are typical of the claims or defenses of the FLSA Class.

55.     This is not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the FLSA Class.

56.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

57. Under the FLSA, 29 U.S.C. §§ 206, 207, the Defendants were and are required to pay the Plaintiffs and the FLSA Class the applicable minimum wage for all hours worked up to forty hours in any given workweek, and time and a half for all hours worked in excess of forty hours in any given workweek.

58. Defendants' books and records are material to Plaintiffs' case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

59. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiffs and the FLSA Class.

60. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Plaintiffs and the FLSA Class.

61. Defendants failed to pay Plaintiffs and the FLSA Class minimum and overtime wages for all hours worked and Defendants failed to pay them any statutorily required overtime wages for any of the time they worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 206, 207.

62. Defendants' violations of the FLSA were willful and intentional, in that Defendants regularly required, approved, and/or suffered or permitted Plaintiffs and the FLSA Class to work regular and overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiffs and the FLSA Class worked regular and overtime hours for which they were not compensated at the statutory rates.

63. Plaintiffs and the FLSA Class have been damaged by Defendants' policy and practice of failing to pay the full amount of minimum and/or overtime wages due to them, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs demand a trial by jury on this and all counts so triable, and pray that this Court enter judgment in their favor and against Defendants for the following:

(a) Grant Plaintiffs' counsel leave to send notice of this lawsuit to the members of the FLSA Class and allow them the opportunity to opt-in as party plaintiffs pursuant to the FLSA, 29 U.S.C. § 216;
(b) An award for Plaintiffs and all persons who opt-in of all unpaid minimum and/or overtime wages they earned;
(c) An award of liquidated damages equal to the amount of all unpaid minimum and/or overtime wages, or alternatively, prejudgment interest;
(d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);
(e) An award for Plaintiffs and all persons who opt-in of pre-judgment and post-judgment interest at the highest rates allowed by law; and
(f) Such further relief as this Court deems equitable and just.

## COUNT II
### Failure to Pay Minimum and Overtime Wages
### In Violation of the Illinois Minimum Wage Law;
### IMWL CLASS ACTION ALLEGATIONS

64. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 49 of this Count II.

65. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23.

66. Plaintiffs seek certification of the following class of similarly situated persons pursuant to Count II, brought under the IWML:

> All persons who worked for Defendants as non-exempt employees, including servers, hosts, bartenders, bussers, or cooks, dishwashers and/or other similarly situated employees, in Illinois at any time between August 23, 2013 and the present and until final resolution of the case who have not been paid the statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "IMWL Class").

67. Plaintiffs and the proposed IMWL Class have been equally affected by Defendants' violations of the IMWL. Thus, there are questions of law or fact common to Plaintiffs and the IMWL Class.

11

68. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IMWL Class.

69. Plaintiffs share a common interest in the subject matter and remedy sought for the IMWL Class.

70. Plaintiffs believe that the number of employees who fall within the IMWL Class exceeds 19 individuals. Therefore, the number of persons in the IMWL Class is so numerous that joinder of all members is impracticable.

71. Plaintiffs' claims or defenses are typical of the claims or defenses of the IMWL Class.

72. This is not a collusive or friendly action. Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class.

73. Plaintiffs have retained counsel experienced in complex employment litigation, including large wage and hour actions. Their counsel will fairly and adequately protect the interests of the IMWL Class.

74. If individual actions were required to be brought by each member of the IMWL Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Thus, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count II.

75. Under the Illinois Minimum Wage Law, 820 ILCS § 105/4, Defendants were required to pay Plaintiffs and the IMWL Class at least the minimum wage for all regular hours worked.

76. The IMWL, 820 ILCS § 150/8, requires employers to maintain accurate records of hours worked by employees.

77. Defendants' policies and practices have caused them regularly to not compensate Plaintiff and the IMWL Class for all overtime hours worked.

78. Defendants failed to compensate Plaintiff and the IMWL Class at least the minimum wage for all hours worked up to 40 hours per workweek.

79. The IMWL, 820 ILCS § 105/4(a) requires Defendants to compensate Plaintiffs and the IMWL Class at a rate of time and one-half their regular rate of pay for overtime hours, *i.e.*, hours worked in excess of 40 in a workweek.

80. Defendants failed to pay Plaintiffs and the IMWL Class the statutorily required overtime compensation for hours worked in excess of 40 in a workweek.

81. Defendants' violations of the IMWL were willful and intentional, in that Defendants required, approved, and/or suffered or permitted Plaintiffs and the IMWL Class to work regular and overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiffs and the IMWL Class worked regular and overtime hours for which they were not compensated at the statutory rates.

82. Plaintiffs and the members of the putative IMWL Class have been damaged by Defendants' IMWL violations by not being paid the proper amount of minimum and/or overtime wages due to them.

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury on this and all counts so triable, and prays that this Court enter judgment in their favor and against Defendants for the following:

    (a) Certification of the IMWL Class pursuant to Fed. R. Civ. P. 23;
    (b) An award for Plaintiffs and the IMWL Class all unpaid minimum and overtime wages they earned;
    (c) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
    (d) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and

(e) Such further relief as this Court deems equitable and just.

## COUNT III
### Failure to Pay Minimum, Regular & Overtime Wages
### CHICAGO ORDINANCE CLASS ACTION ALLEGATIONS

83. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 49 above as if fully set forth herein.

84. With respect to the Chicago Ordinance claims, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as non-exempt employees, including servers, hosts, bartenders, bussers, or cooks, dishwashers and/or similarly situated employees, in Chicago at any time between August, 2015 and the present and until final resolution of the case who have not been paid the statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "Chicago Ordinance Class").

85. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23, and arises under the Minimum Wage and Overtime requirements of the Chicago Ordinance. Chicago Mun. Code Chap. 1-24-020, 1-24-040.

86. Plaintiffs believe Defendants have employed more than 19 persons who have been subject to the Defendant's common unlawful pay practices during the respective Class Period.

87. Because the Chicago Ordinance Class is so numerous, joinder of all class members is impracticable.

88. The Named Plaintiffs and the Chicago Ordinance Class have been equally affected by Defendants' failure to pay earned wages to the Plaintiffs and the Class.

14

89. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, which may exist between the members of the class.

90. The Named Plaintiffs and the Chicago Ordinance Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

91. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the Chicago Ordinance Class.

92. Plaintiffs' counsel is competent and experienced in litigating large wage and hour and other employment actions.

93. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Chicago Ordinance Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

94. Under the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-020, Defendants were required to pay covered employees at least a minimum wage proscribed by the Ordinance for each regular hour worked while physically present within the geographic boundary of the City. Effective July 1, 2015, the Chicago Minimum Wage was $10 per hour and effective July 1, 2016, the Chicago Minimum Wage became $10.50 per hour.

95. Defendants regularly failed to pay Plaintiffs and the Chicago Ordinance Class for all time worked at the required rate of pay.

96. Defendants were aware of, required, suffered and permitted Plaintiffs and the class to work without compensation (i.e., "off the clock"), or at rates less than the required rate of pay.

97. Defendants' conduct complained of herein was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiffs to work hours for which they were not paid, or to work at rates less than those required by the Chicago Ordinance.

98. As a result of Defendants' willful violation of the Chicago Ordinance, Plaintiffs have been damaged in that they have not received wages due and owing pursuant to the Chicago Ordinance.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a. All wages owed and treble damages as provided by the Chicago Ordinance, Chicago Mun. Code 1-24-110;
b. Attorneys' fees and costs of this action (Id.); and,
c. Such other relief as this Court deems necessary and just.

Dated: August 23, 2016

    Respectfully submitted,

    MANUEL PONCE and JORGE PINA-GARCIA, individually and on behalf of a class of persons similarly situated,

    /s/ Robin Potter
    One of Plaintiffs' Attorneys

Robin Potter
M. Nieves Bolanos
Patrick Cowlin
Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org