UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL PONCE and JORGE PINA-GARCIA, individually and on behalf of a class of persons similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARIA RODRIGUEZ, an individual, and ELFEGO RODRIGUEZ, INC., d/b/a EL NUEVO MEXICO, an Illinois corporation,<br><br>  Defendants. | No. 16 CV 8296<br><br><br><br><br><br>Magistrate Judge Young B. Kim<br><br><br><br><br><br>July 17, 2017 |

**ORDER GRANTING FINAL APPROVAL**

The Parties, Manuel Ponce and Jorge Pina-Garcia, and Maria Rodriguez, and Elfego Rodriguez, Inc., d/b/a El Nuevo Mexicano, having appeared before the Court on July 17, 2017, for a Hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all

members of the Settlement Class preliminarily certified for settlement purposes, by Order dated April 20, 2017, and defined as follows:

> All persons who have been employed by Defendants and worked any shift for any amount of time as servers, hosts, bartenders, cooks, kitchen prep workers, bussers, dishwashers, and/or any other hourlypaid and/or non-exempt employee at any time between August 23, 2013 through August 31, 2016 ("The Class Period") and who are identified in Group Exhibit A to the Settlement Agreement.

(R. 50 at 2.)

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Rule 23(b)(3) for purposes of settlement of this action, and of Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Accordingly, the Court finally certifies this Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") by the Class Administrator via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of the telephone number and email address for Class Counsel and for the Class Administrator. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1). The Court finds that of the forty-two (42) eligible Class Members, no Class

Member requested exclusion from the Settlement Class, and no Class Member objected to the Settlement Agreement.

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $370,000 is a fair, reasonable, and adequate settlement of the claims. (See, R. 44-3). The Court approves attorneys' fees and costs in the amount of $124,000, to be paid from the Settlement Fund as provided in the Settlement Agreement. The Court finds this fee, which amounts to approximately one-third of the common fund, is reasonable and within the range of fees awarded in analogous cases by Courts in this District. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendants. Class Counsel have significant experience representing parties in complex class actions, including those involving wage and hour claims. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

5. Dahl Administration located at 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426 is administering the Settlement pursuant to the Settlement Agreement, with the assistance of Plaintiffs' counsel and Defendants'

counsel. Dahl Administration shall make a Settlement Payment to each member of the Settlement Class, in accordance with the calculations provided for in the Settlement Agreement.

6. The Court finds that Named Plaintiffs Manual Ponce and Jorge Pina-Garcia, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and are therefore deserving of a service award in recognition of their efforts. A Service Award in the amount of $7,000 is therefore approved for each of them. The Court also finds that the Consent Plaintiffs, Noel Estrada, Yolanda Guzman, Benito Jaimes, Jose Mora, Alfredo Orozco and Marco Velazquez, also made contributions to the outcome of the suit. A Service Award in the amount of $500 is therefore approved for each of them. These Service Awards shall be paid from the Class Settlement Fund as provided in the Settlement Agreement. Plaintiffs and Class Members shall have 150 calendar days from the issuance of their settlement checks to cash those checks as provided in the Settlement Agreement. As further provided in the Settlement Agreement, settlement checks that are not timely cashed will revert to the Employee Rights Advocacy Institute for Law and Policy.

7. Defendants shall pay separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on any back pay check distributed to the Plaintiffs and Class Members as set forth in the Settlement Agreement. Within fourteen (14) calendar days after entry of this Order, Defendants will provide Dahl with the settlement checks and/or all information and

4

fees needed to process the settlement checks for all class members, including checks for the Enhancement Payments and attorneys' fees as provided in Paragraph 50 of the Settlement Agreement. Within twenty-one (21) calendar days after entry of this Order, Dahl Administration will mail or deliver the settlement checks to Class Members who did not exclude themselves.

8. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without awarding costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

9. The Court orders that all Plaintiffs and Class Members release and discharge the "Released Claims" arising during the Class Period against Defendants as reflected in the Parties Settlement Agreement.

10. The Court grants final approval of the Settlement. This matter is dismissed with prejudice.

11. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

12. The Clerk is directed to enter judgment consistent with this order and close this file.

                **ENTER:**

                _____
                **Young B. Kim**
                **United States Magistrate Judge**